OPINION *Page 2 
{¶ 1} On April 26, 2006, appellee, Richard Adcock, Administrator with Will Annexed of the Estate of Lester G. Essington, deceased, filed a complaint to quiet title one acre of land located in Section 1, Pike Township, Perry County, Ohio. Defendants were appellant, Luther Weaver, and his mother, Sylvia Weaver, deceased.
 {¶ 2} On June 28, 2006, appellant filed an answer and a counterclaim for quiet title to the one acre, or in the alternative, obtain title to the subject property by adverse possession.
 {¶ 3} Both parties filed motions for summary judgment. By judgment entry filed January 29, 2007, the trial court found in favor of appellee.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "IF A PARTY WAITS 38 YEARS TO ASSERT A CLAIM TO QUIET TITLE TO REAL ESTATE, HE HAS SLEPT ON HIS RIGHTS, AND HIS CLAIM SHOULD BE BARRED BY THE DOCTRINES OF LACHES, WAIVER AND ESTOPPEL IF NOT BY THE STATUTE OF LIMITATIONS."
 II {¶ 6} "A PARTY WHO DOES NOT ASSERT A CLAIM TO OWNERSHIP OF LAND ALLEGEDLY CONVEYED BY A 1967 DEED, UNTIL AFTER A NEW SURVEY IS PERFORMED IN 2005, CAN NOT REASONABLY CONTEND THAT THE INTENT OF SUCH 1967 DEED WAS TO CONVEY THE DISPUTED ACREAGE." *Page 3 
 III {¶ 7} "IN THE ALTERNATIVE, A PARTY WHO HAS BEEN PAYING REAL ESTATE TAXES FOR APX. 38 YEARS, MUST BE REIMBURSED BY THE PREVAILING PARTY IN A QUIET TITLE ACTION, WHO HAS NOT PAID SUCH TAXES."
 I, II {¶ 8} Appellant challenges the trial court's decision in granting summary judgment to appellee.
 {¶ 9} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins, 75 Ohio St.3d 447, 448,1996-Ohio-211:
 {¶ 10} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex. rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511,628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."
 {¶ 11} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same *Page 4 
standard and evidence as the trial court. Smiddy v. The Wedding Party,Inc. (1987), 30 Ohio St.3d 35.
 {¶ 12} Appellant argues appellee's claim for quiet title is barred under the doctrines of laches, waiver, and estoppel, and violates R.C.2305.04. Appellant also argues the doctrine of adverse possession.
 {¶ 13} In its judgment entry filed January 29, 2007, the trial court found appellee was the "true and lawful owners of the real property."
 {¶ 14} Appellee's motion for summary judgment included in part the record deed, and the affidavits of Wayne A. Knisley, a licensed surveyor, and Doris Roberts, an employee with the Perry County Engineer's Office. All three documents unequivocally established the one acre in dispute was transferred in 1967 via a deed from Sylvia Weaver to John C. Essington, and set forth the subsequent conveyances:
 {¶ 15} "5. I examined current plats of Pike Township, Perry County, Ohio, previous surveys and the following deeds:
 {¶ 16} "A. John C. Essington, deceased, by Affidavit to Lester G. Essington on May 5, 2001 and recorded in O.R. Volume 270, Page 110, Recorder's Office, Perry County, Ohio. A Copy of the Affidavit is attached hereto as Exhibit D.
 {¶ 17} "B. John C. Essington to John C. Essington and Lester G. Essington, Joint with Right of Survivorship in O.R. Volume 262, Page 450. A copy of the deed is attached hereto as Exhibit C.
 {¶ 18} "C. Sylvia Weaver, unmarried, to John C. Essington, in Deed Volume 191, Page 632, dated September 29, 1967. A copy of this deed is attached hereto as Exhibit B. *Page 5 
 {¶ 19} "D. Auditor's Deed to Sylvia Weaver in Deed Volume 178, Page 118. Exhibit A.
 {¶ 20} "10. I discovered that the property of Lester G. Essington did in fact include the one (1) acre site on Township Road #210 and is included in my legal description as well as the plat of said legal description. This is the property the subject of this legal action." See, Knisely aff.
 {¶ 21} "4. That the above description [one acre in question] was further incorporated into the 27.515 A Parcel conveyed by Sylvia Weaver to John C. Essington in Deed Volume 191, Page 632.
 {¶ 22} "5. That said one (1) acre parcel was also correctly included in the legal description and plat of 26.16 acres prepared by Andy Knisley on June 1, 2005 and said legal description has been approved by the Perry County Engineer's Office as meeting required survey standards." See, Roberts aff.
 {¶ 23} Appellant argues appellee should have perfected the title of interest by filing a lawsuit much earlier. We disagree. The equitable doctrines argued by appellant have no bearing on one who is the rightful title owner of property. An owner continues in the enjoyment of his property unobstructed unless an adverse party asserts a claim. Stark v.Turner (1921), 23 Ohio N.P. 313. Therefore, the arguments of laches, waiver and estoppel fail.
 {¶ 24} Appellant, who claims his interest by virtue of his mother's ownership (Sylvia Weaver), argues by paying the real estate taxes, he has rightful ownership. He further asserts he has maintained the property. See, L. Weaver aff. Appellant argues he has defeated appellee's claim of ownership via his affidavit and the payment of the *Page 6 
real estate taxes. Appellant also argues appellee's quiet title action is time barred by R.C. 2305.03 which states the following:
 {¶ 25} "(A) Except as provided in division (B) of this section and unless a different limitation is prescribed by statute, a civil action may be commenced only within the period prescribed in sections 2305.04
to 2305.22 of the Revised Code. If interposed by proper plea by a party to an action mentioned in any of those sections, lapse of time shall be a bar to the action.
 {¶ 26} "(B) No civil action that is based upon a cause of action that accrued in any other state, territory, district, or foreign jurisdiction may be commenced and maintained in this state if the period of limitation that applies to that action under the laws of that other state, territory, district, or foreign jurisdiction has expired or the period of limitation that applies to that action under the laws of this state has expired."
 {¶ 27} In an action for quiet title pursuant to R.C. 5303.01, the statute of limitations does not run against the one who has remained in sole possession of the property. Swisher v. Swisher (1916), 29 Ohio CD. 307, 39 Ohio C.C. 307, 27 Ohio C.A. 122. Here, the title remained in the sole possession of appellee and the previous assigns as established by the affidavits of Knisley and Roberts. We therefore find R.C. 2305.03
does not apply sub judice.
 {¶ 28} Appellant's remaining claim is one of adverse possession. To acquire title to land by adverse possession, a party must establish by clear and convincing evidence that possession of the land was open, notorious, exclusive, adverse, hostile, and continuous for more than twenty-one years. Grace v. Koch (1998), 81 Ohio St.3d 577, 579. *Page 7 
 {¶ 29} Appellant argues he paid the taxes on the property, and cleared and maintained the property. Appellee presented affidavits against these assertions, including the affidavit of Robert Zink, an adjoining landowner to the property from 1976-1988 and a Pike Township Trustee, who stated the following:
 {¶ 30} "Since 1976, I have become familiar with the property that is the subject of this law suit. I have never seen anyone on the property to improve or use it. It has always remained undeveloped without any appearance of any type of ownership. I believe the property had been owned by Lester Essington."
 {¶ 31} The affidavit of Cindy O'Neal, Esq. indicates she reviewed the tax duplicates and conveyance records for the year 1967 and 1968 and found the following:
 {¶ 32} "Sylvia Weaver had 4 tax parcels of real property located in Pike Township. Three were located in New Lexington school District and one located in Crooksville School District. Attached are certified copies of the Treasurer's Duplicates for 1967 which was maintained by the Auditor's Office for conveyances.
 {¶ 33} "Exhibit Plaintiff-O'Neil 1 is a certified copy of the 1967 tax duplicate for the property owned by Sylvia Weaver in Pike Township, New Lexington School District. It shows that she owned 3 parcels of 2.63 acres, 7 acres and 15.07 acres. None of the parcels had any buildings or improvements. It also shows that the three parcels were transferred to John C. Essington.
 {¶ 34} "Exhibit Plaintiff-O'Neil 2 is a certified copy of the 1967 tax duplicate for the property owned by Sylvia Weaver in Pike Township, Crooksville Exempted Village School District. It shows that she owned 1 acre. This parcel had no buildings on it. It was not transferred to John Essington." *Page 8 
 {¶ 35} The affidavit of Richard Sowers, an adjoining landowner since 1999, states he knew the decedent, Lester Essington, to be the owner of the property, and the property was not maintained and was not used except for his hunting on the property.
 {¶ 36} These affidavits oppose appellant's assertions. We find appellant failed to establish his open and notorious possession of the property. Since 1976, no one has seen the one acre tract maintained or used; therefore, we find appellant has failed to meet his burden.
 {¶ 37} Assignments of Error I and II are denied.
 III {¶ 38} Appellant claims the trial court erred in not awarding him reimbursement for real estate taxes paid.
 {¶ 39} Appellant's June 28, 2006 counterclaim prayed in part "for his Court costs; for his Attorney Fees; and for such further and other relief as is deemed just and equitable by this Court."
 {¶ 40} The claim for real estate tax reimbursement was not part of appellant's motion for summary judgment except as it was argued as part of his adverse possession claim. We conclude this issue has yet to be addressed by the trial court and remand for a decision on reimbursement. *Page 9 
 {¶ 41} The judgment of the Court of Common Pleas of Perry County, Ohio is hereby affirmed, but the case is remanded to the trial court for determination on the issue of real estate tax reimbursement.
 Farmer, J., Gwin, P.J., and Delaney, J. concur. *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Perry County, Ohio is affirmed, but the case is remanded to the trial court for determination on the issue of real estate tax reimbursement. Costs to appellant. *Page 1